## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA J. FRIED and MARK FRIED; ALTITUDE PARTNERS, LLC; RICHARD D. MALTZMAN, AS TRUSTEE FOR THE RICHARD D. & CHARLENE MALTZMAN FAMILY TRUST U/A/D 3/23/88; JEFFOREED PARTNERS, L.P.; JEFFOREED MANAGEMENT COMPANY, INC.; and ZELFAM, LLC, on behalf of limited partners listed on **Annex A.** : : : : : : : : : : : | |
| Plaintiffs, : | **Civ. No. 09-CIV-9100 (BSJ)** |
| - vs - : : | ECF CASE |
| LEHMAN BROTHERS REAL ESTATE ASSOCIATES III, L.P.; LEHMAN BROTHERS PRIVATE EQUITY ADVISORS, LLC; REAL ESTATE PRIVATE EQUITY, INC.; MARK A. WALSH; MARK H. NEWMAN; BRETT BOSSUNG; MICHAEL J. ODRICH; CHRISTOPHER M. O'MEARA; RICHARD S. FULD, JR.; JOSEPH M. GREGORY; ERIN CALLAN; IAN LOWITT; THOMAS RUSSO; AND DOES 1 through 50, : : : : : : : : : : : : : : | ORAL ARGUMENT REQUESTED |
| Defendants. : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE ALL CLASS ALLEGATIONS IN THE COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE LEAD PLAINTIFFS AND SELECTION OF LEAD COUNSEL

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Lehman Brothers Real Estate Associates III, L.P., Lehman Brothers Private Equity Advisors, LLC, and Real Estate Private Equity, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 2

BACKGROUND ................................................................................................. 3

ARGUMENT ...................................................................................................... 4

THE COMPLAINT'S CLASS ALLEGATIONS MUST BE STRICKEN AND PLAINTIFFS CANNOT SERVE AS LEAD PLAINTIFFS BECAUSE THEY HAVE FAILED TO COMPLY WITH THE CLEAR PROCEDURAL REQUIREMENTS OF THE PSLRA ................................................................ 4

A.    The PSLRA Requires Plaintiffs To Comply With Its Certification And Notice Requirements, And Plaintiffs Have Failed To Do So ............................... 5

    1.    Plaintiffs Have Failed To Comply With The PSLRA's Certification Requirement........................................................... 5

    2.    Plaintiffs Have Not Complied With The PSLRA's Notice Requirement.......................................................................... 7

    3.    Without Notice, The Court May Not Appoint A Lead Plaintiff And This Case Cannot Proceed As A Class Action ..................................... 10

B.    In Light Of Plaintiffs' Noncompliance With The PSLRA's Certification And Notice Requirements, This Case Cannot Proceed As A Class Action And The Lead Plaintiff And Lead Counsel Motion Must Be Denied ................. 11

    1.    All Class Allegations In The Complaint Should Be Stricken.................. 12

    2.    The Lead Plaintiff and Lead Counsel Motion Should be Denied............ 13

        a.    The Lead Plaintiff and Lead Counsel Motion Is Procedurally Defective.................................................. 13

        b.    Plaintiffs' Counsel Cannot Adequately Represent the Purported Class ......................................................... 14

CONCLUSION................................................................................................. 15

## TABLE OF AUTHORITIES

**CASES**

Berger v. Compaq Computer Corp.,
257 F.3d 475 (5th Cir. 2001) ............................................................13

Brody v. Homestore, Inc.,
2003 WL 22127108 (C.D. Cal. Aug. 8, 2003).......................................12

In re Drexel Burnham Lambert Group, Inc.,
960 F.2d 285 (2d Cir. 1992)..............................................................14

Greebel v. FTP Software, Inc.,
939 F. Supp. 57 (D. Mass. 1996) .................................................11, 12

King v. Livent, Inc.,
36 F. Supp. 2d 187 (S.D.N.Y. 1999)....................................10, 11, 13, 14

In re Microstrategy Inc. Sec. Litig.,
110 F. Supp. 2d 427 (E.D. Va. 2000) ..................................................12

In re NYSE Specialists Sec. Litig.,
240 F.R.D. 128 (S.D.N.Y 2007) .........................................................13

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,
229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................14

Read v. Input/Output, Inc.,
2005 WL 2086179 (S.D. Tex. Aug. 26, 2005) ..................................12, 13

In re SLM Corp. Sec. Litig.,
258 F.R.D. 112 (S.D.N.Y. 2009) .......................................................11

Skwortz v. Crayfish Co.,
2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ......................................10

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308 (2007)........................................................................5

In re Telxon Corp. Sec. Litig.,
67 F. Supp. 2d 803 (N.D. Ohio 1999)..................................................10

In re XM Satellite Radio Holdings Sec. Litig.,
237 F.R.D. 13 (D.D.C. 2006).............................................................13

Xianglin Shi v. SINA Corp.,
2005 WL 1561438 (S.D.N.Y. July 1, 2005) ..........................................5

Yates v. Open Joint Stock Co. "Vimpel-Commc'ns,"

2005 WL 1018428 (S.D.N.Y. Apr. 29, 2005)..............................................................13

## STATUTES AND RULES

15 U.S.C. § 78u-4 ....................................................................................... *passim*

Fed. R. Civ. P. 4.............................................................................................................2

Fed. R. Civ. P. 23...........................................................................................................14

## OTHER AUTHORITIES

H.R. No. 104-369 (1995) (Conf. Rep.). .........................................................................5

Defendants Lehman Brothers Real Estate Associates III, L.P. ("LBREA III"), Lehman Brothers Private Equity Advisors, LLC ("LBPEA"), and Real Estate Private Equity, Inc. ("REPE") (collectively, the "Defendants") respectfully submit this memorandum of law in support of their Motion to Strike All Class Allegations in the Complaint for Rescission or Damages, Declaration and Injunction (the "Complaint," cited herein as "Compl. ¶ __") for failure to comply with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a) (the "PSLRA" or "Section 21D") and in Opposition to Plaintiffs' Motion to Approve Lead Plaintiffs and Selection of Lead Counsel (the "Motion to Strike") on behalf of all defendants named in this action.  The Complaint's several procedural defects, detailed below, render it inoperative as a vehicle for the class action claims asserted by the named plaintiffs. Accordingly, Defendants respectfully request that the Court strike all class allegations in the Complaint and deny Plaintiffs' Motion to Approve Lead Plaintiffs and Selection of Lead Counsel.  In the absence of an operative Complaint, it is premature for Defendants to answer or otherwise respond to the Complaint, and it would be a waste of the Court's time and resources to consider the parties' arguments concerning the merits of the claims set forth in the Complaint. Defendants, therefore, respectfully request relief from any obligation to answer or otherwise respond to the Complaint, currently no later than February 1, 2010, pursuant to the Stipulation By All Parties on Service of Summons and Complaint, so ordered by this Court on December 7, 2009, until such time as the Court has ruled on this Motion to Strike and on Plaintiffs' Motion to Approve Lead Plaintiffs and Selection of Lead Counsel and for some reasonable period thereafter to provide Defendants sufficient opportunity to answer or otherwise respond to the Complaint, if necessary.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is procedurally defective and therefore unfit to come before the Court at this time. The Defendants seek an order from this Court striking all class allegations in the Complaint for failure to comply with the straightforward procedural requirements of the PSLRA. Plaintiffs failed to provide appropriate sworn certifications with their complaint in derogation of the requirements of Section 21D(a)(2)(A). Plaintiffs failed to publish a notice to purported class members within 20 days of filing the Complaint in derogation of Section 21D(a)(3)(A)(i). Plaintiffs have thereby made it procedurally impossible for this Court to appoint a lead plaintiff in accordance with Section 21D(a)(3)(B). As a result, this case cannot proceed as a class action and Plaintiffs' motion for appointment as lead plaintiffs and selection of lead counsel must be denied. These failures also make clear that neither Plaintiffs nor their counsel are adequate representatives of the purported class.

This Court's striking the Complaint's class allegations is the appropriate remedy for Plaintiffs' procedural default. Indeed, because the Complaint is procedurally defective, there is effectively no class action complaint that requires a response by the Defendants or that is properly before the Court at this time.[1] In addition, the Court should deny Plaintiffs' motion for appointment as lead plaintiffs. First, the failure by Plaintiffs to publish notice in accordance with the PSLRA deprives this Court of any power to appoint a lead plaintiff. Second, Plaintiffs' disregard for the procedural requirements of the PSLRA demonstrates the inadequacy of the representation they and their handpicked counsel would provide as lead plaintiffs for the

---

[1] Plaintiffs filed their Complaint in this case on October 30, 2009. The Defendants, in an effort to avoid undue expense and to expedite resolution of this action, each agreed to waive service. The parties then agreed by stipulation that Defendants would respond to the Complaint within 60 days after the waiver (by February 1, 2010), as provided by the Federal Rules of Civil Procedure when a party agrees to waive service. See Fed. R. Civ. P. 4(d)(3). In light of Plaintiffs' failure to comply with the PSLRA, any substantive response would be premature.

2

purported class.  A failure to adhere to the most basic statutory requirements should result in the denial of lead plaintiff appointment.

## BACKGROUND

Plaintiffs are each limited partners in either of two Delaware limited partnerships: Lehman Brothers Real Estate Partners III, L.P. ("Partners III") and Lehman Brothers Real Estate Fund III, L.P. ("Fund III") (collectively, the "Partnerships").  The Partnerships were formed generally for the purpose of making investments in real estate assets and portfolio companies. The Defendants are affiliated with the Partnerships as follows: LBREA III, a Delaware limited partnership, is the general partner of the Partnerships; LBPEA, a Delaware limited liability company, is the investment advisor to the Partnerships; Real Estate Private Equity, Inc., a Delaware corporation, was the initial limited partner for the Partnerships.

The Partnerships distributed Private Placement Memoranda ("PPMs") to prospective investors in October 2007.  Plaintiffs were admitted to the Partnerships as limited partners in November 2007.  Plaintiffs' limited partnership interests are governed by Limited Partnership Agreements ("LPAs") entered into between the Plaintiffs and the Partnerships.  At the core of the various allegations in Plaintiffs' Complaint is their claim that the Defendants knowingly omitted or misstated material information from or in the PPMs and that these omissions or misstatements caused Plaintiffs' economic loss.  Plaintiffs also contend that the Defendants failed to adhere to the terms of the LPAs.  While the Defendants strongly dispute the Complaint's allegations, for the reasons set forth below, Plaintiffs' claims are procedurally defective and therefore unfit to come before the Court at this time.

On December 31, 2009, Plaintiffs filed a motion with the court seeking lead plaintiff appointment.  Plaintiffs' Memorandum of Law Supporting Motion to Approve Lead Plaintiffs

and Selection of Lead Counsel (the "Lead Plaintiff and Lead Counsel Motion") and

accompanying declaration by Plaintiffs' counsel Robert Ted Parker (the "Parker Declaration")

suggest that Plaintiffs have complied with the PSLRA's procedural requirements.  In particular,

the Motion and Parker Declaration suggest that Plaintiffs have satisfied the notice requirement of

the PSLRA.  For the reasons set forth below, it is indisputable that Plaintiffs have not so

complied.

## ARGUMENT

### THE COMPLAINT'S CLASS ALLEGATIONS MUST BE STRICKEN AND PLAINTIFFS CANNOT SERVE AS LEAD PLAINTIFFS BECAUSE THEY HAVE FAILED TO COMPLY WITH THE CLEAR PROCEDURAL REQUIREMENTS OF THE PSLRA

This action, in which Plaintiffs purport to allege claims under Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a putative class of investors,

see Compl. ¶¶ 38-49, is squarely within the ambit of the PSLRA, which applies to every "private

action" arising under the Exchange Act "that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1).  Despite the clear applicability of

the PSLRA to this action, the Ad Hoc Committee, which purports to represent limited partners

who purchased interests in the Partnerships ("Plaintiffs"),[2] has failed to comply with the statute's

certification and notice requirements.  See 15 U.S.C. § 78u-4(a)(2)-(3).  As a result, all class

allegations in the Complaint should be stricken, and Defendants should not be required to answer

or otherwise respond to the Complaint.  Plaintiffs' failure to comply with the PSLRA also

requires denial of their motion for appointment as lead plaintiffs and selection of lead counsel.

---

[2] Capitalized terms used but not defined herein shall have the same meanings as in the Complaint.

**A.    The PSLRA Requires Plaintiffs To Comply With Its Certification And Notice Requirements, And Plaintiffs Have Failed To Do So**

In 1995, Congress enacted the PSLRA in order to curb perceived abuses of the Section 10(b) private action.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 320 (2007).  "[T]he PSLRA installed both substantive and procedural controls," including the certification, notice, and lead plaintiff procedures.  See id. at 320-21.  These controls were "designed to prevent lawyer-driven litigation, and to 'encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class.'"  Xianglin Shi v. SINA Corp., 2005 WL 1561438, at *1 (S.D.N.Y. July 1, 2005) (quoting H.R. Conf. Rep. 104-369, at 34, reprinted in 1995 U.S.C.C.A.N. 730, 733).

Section 21D(a)(2)-(3) of the Exchange Act serves these goals by requiring disclosure and certification by the proposed plaintiffs of their transactions in the securities that give rise to their claims (and, inter alia, that the proposed plaintiffs understand the duties of lead plaintiff and are willing nevertheless to serve), by requiring that notice be given to the absent class members such that interested investors may seek to serve as lead plaintiff, and by imposing limitations on who may serve as lead plaintiff.  After notice and motions for lead plaintiff appointment, the Court is required to appoint a lead plaintiff and approve its choice of lead counsel.

Although plaintiffs are required to comply with all of these requirements in order to proceed with a class action, Plaintiffs here have failed to comply with any of them.

**1.    Plaintiffs Have Failed To Comply With The PSLRA's Certification Requirement**

Section 21D(a)(2) requires that each plaintiff -- including Plaintiffs here -- asserting claims under the Exchange Act and seeking to serve as a representative party on behalf of a

purported class "shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint." 15 U.S.C. § 78u-4(a)(2)(A). In this sworn and signed certification, the plaintiff must:

(1) state that the plaintiff has reviewed the complaint and authorized its filing;

(2) state that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title;

(3) state that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(4) set forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

(5) identify any other action under this title, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

(6) state that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with Section 21D(a)(4) of the PSLRA. 15 U.S.C. § 78u-4(a)(2)(A)(i)-(vi).

Plaintiffs here did not file this sworn and signed certification and did not comply with any of Section 21D(a)(2)(A)'s six certification requirements.[3] These strict statutory requirements are not mere formalities. Rather, they are designed to provide critical information,

_____

[3] Of course, the unsworn verifications included in Plaintiffs' Complaint are plainly insufficient to satisfy Section 21D(a)(2)(A)'s requirements.

at the outset, necessary to prevent abusive litigation such as individual securities law claims masquerading as broad class actions. In addition, they enable members of the purported class (and defendants) to oppose lead plaintiff appointment by challenging the typicality of the proposed plaintiff's claims and the ability of the proposed plaintiff to adequately represent the class.

### 2. Plaintiffs Have Not Complied With The PSLRA's Notice Requirement

Section 21D(a) further requires that, "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice..." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must advise members of the purported class of four facts:

(1) the pendency of the action;

(2) the claims asserted therein;

(3) the purported class period; and

(4) not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. Id. Plaintiffs did not comply with Section 21D(a)(3)(A)'s notice requirement, and did not advise purported class members of these four facts.

The Lead Plaintiff and Lead Counsel Motion attempts to obscure Plaintiffs' failure to provide the statutorily mandated form of notice by stating that "[a] notice pursuant to the [PSLRA] was sent as a Press Release for publication on November 20, 2009 to the Wall Street Journal and www.wsj.com . . ." Lead Plaintiff and Lead Counsel Motion at 7. The Lead Plaintiff and Lead Counsel Motion goes on to say that a "Revised Press Release was sent to the Wall Street Journal on December 7, 2009." Id. Finally, the Lead Plaintiff and Lead Counsel

Motion claims that notice was sent to each of the class members via e-mail on December 7, 2009.

The Parker Declaration includes two exhibits that purportedly support these claims of notice, Exhibits A and B.  Exhibit A contains two versions of a press release with parenthetical information added to each stating when and how the press releases were purportedly sent to the Wall Street Journal.  Parker Decl. Ex. A.  Exhibit B contains a December 7, 2009 email sent from a general email address for Plaintiffs to Plaintiffs' counsel stating that a press release had been sent to the purported class members.[4]  None of these communications constitutes proper notice under the plain language of the PSLRA.

The PSLRA requires that Plaintiffs "cause to be published" a notice informing class members of certain facts.  15 U.S.C. § 78u-4(a)(3)(A) (emphasis added).  Simply sending a "press release" via facsimile or email to a publication does not suffice.  Actual publication in a widely-circulated periodical or wire service is required by the PSLRA, and anything short of this is clearly insufficient.  See id.  The press releases that Plaintiffs claim were sent to the Wall Street Journal were never published, as far as the Defendants are aware.[5]  Tellingly, Plaintiffs and their counsel do not claim that notice was ever published, merely that counsel purportedly forwarded copies of two press releases to the Wall Street Journal on November 20 and again on

---

[4] Inexplicably, the version of the December 7, 2009 "Revised Press Release" in Exhibit A indicates that it was sent to the Wall Street Journal via email, whereas the version of the same press release included in Exhibit B, which was supposedly sent to the other class members, indicates that it was sent to the Wall Street Journal via facsimile.

[5] Counsel for the Defendants contacted the Wall Street Journal ("WSJ"), and representatives of its legal notice department confirmed that they have no record of ever having received the press releases described in the Lead Plaintiff and Lead Counsel Motion and Parker Declaration, or any request for publication in connection with this action.  See Affidavit of Mark B. Rosen ("Rosen Aff.") ¶¶ 2-4.  WSJ's legal notice department provides a standard form affidavit of publication to each party at whose request WSJ publishes a legal notice.  Rosen Aff. ¶ 3.  No affidavit of publication was issued to Plaintiffs here or their counsel, and WSJ has no record of having published anything about this matter.  Id. ¶¶ 3-4.

December 7. Even with respect to this assertion, however, the Parker Declaration does not contain any exhibits demonstrating that the releases were in fact sent to the Wall Street Journal (e.g., a copy of a sent email or facsimile transmittal sheet), let alone any exhibit verifying publication of the releases, such as the standard affidavit of publication provided by the Wall Street Journal when it publishes legal notices.

Even if any of these press releases had been published, they would be insufficient to satisfy the notice requirement of the PSLRA. First, the statutorily mandated 20-day period for publication of notice ended on November 19, 2009, twenty days after the filing of the Complaint. Thus, both press releases were plainly outside of the prescribed statutory period.

Second, the content of the claimed notices (assuming *arguendo* that they were ever published, which is not the case to Defendants' knowledge) does not satisfy the clear requirements of the PSLRA. As stated above, notice must inform class members of the pendency of the action, the claims asserted therein, the purported class period, and the time period in which any member of the purported class may move the court to serve as lead plaintiff of the purported class. 15 U.S.C. § 78u-4(a)(3)(A). The press releases fail with respect to two of these requirements: they do not inform the class members of the purported class period or, more notably, of their right to move the court to serve as lead plaintiff within 60 days. For example, the "Revised Press Release" only states that "Counsel will move the Court on or before December 30, 2007 on behalf of the Ad Hoc Committee appointed by the Class to serve as lead plaintiffs."[6] Parker Decl. Ex. A. The release goes on to provide Messrs. Russell and Parker's

_____

[6] Curiously, the Ad Hoc Committee appears to state in its "Revised Press Release" that the deadline for filing its motion for lead plaintiff appointment is December 30, 2009. But this is inconsistent with Section 21D, which provides that purported class members have 60 days after the publication of notice to move to serve as lead plaintiff. Of course, here, other class members had no opportunity to make such a motion because no notice was ever published.

9

contact information for any purported class members who "would like to discuss this action or if [class members] have any questions concerning this Notice or [their] rights as… potential class member[s] or lead plaintiff[s]." Id. Nowhere do Plaintiffs disclose that all purported class members have the right to move for lead plaintiff appointment. As such, even if the press releases had in fact been published, and that publication took place before the statutorily prescribed period ended on November 19, 2009, the press releases would still be insufficient as notice because they do not include the content specifically mandated by the PSLRA.

The email that Plaintiffs claim was sent to all class members is also insufficient to qualify as notice. Under the PSLRA, notice to class members must be published "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A). An email between one group of limited partners and another plainly does not satisfy the statutory requirements for notice. Moreover, the purported notice consisted only of a copy of the same fatally deficient press release whose substantive shortcomings render it ineffective for purposes of Section 21D(a)(3)(A).

The publication of notice and 20-day time limit are strict statutory requirements. See King v. Livent, Inc., 36 F. Supp. 2d 187, 189-90 (S.D.N.Y. 1999) (explaining that "[t]he publication must be no later than twenty days after the filing of the complaint" and denying motion to approve lead plaintiff because the movant failed to comply with the PSLRA's notice requirements) (emphasis added). "The PSLRA is unequivocal and allows for no exceptions…. The PSLRA imposes strict time requirements." In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) (barring complainant from serving as lead plaintiff because, inter alia, the complainant did not comply with the time limits set forth in Section 21D(a)(3)); accord Skwortz v. Crayfish Co., 2001 WL 1160745, at *4 (S.D.N.Y. Sept. 28, 2001).

### 3. Without Notice, The Court May Not Appoint A Lead Plaintiff And This Case Cannot Proceed As A Class Action

The Publication of notice under Section 21D(a)(3)(A) is important because it triggers a 60-day window in which members of the purported class may move to be appointed as lead plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 90 days after the date on which a notice is published, the Court must appoint a lead plaintiff and approve lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(i). "Moreover, under the PSLRA the Court can only consider those class members that filed a motion sixty days after the publication of notice as candidates for appointment as lead plaintiff." In re SLM Corp. Sec. Litig., 258 F.R.D. 112, 117 n.2 (S.D.N.Y. 2009). The opportunity for prospective lead plaintiffs to move for appointment is essential to the PSLRA's mandate that the court "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Here, Plaintiffs' failure to publish notice to members of the purported class has rendered the Court unable to properly implement the lead plaintiff procedure. E.g., King, 36 F. Supp. 2d at 189-90 (members of the purported class "did not have the opportunity to learn through a published notice of the filing of the [plaintiff]'s complaint and of the class sought to be represented, nor did they have a sixty day period to move to serve as lead plaintiff after publication of the required notice"); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 60 (D. Mass. 1996) ("If notice is indeed inadequate, the court cannot rely on other putative class members to proffer opposition because, a fortiori, they are unaware of the lawsuit."). Plaintiffs cannot salvage this procedurally defective action by now moving for lead plaintiff status. The statutory window for lead plaintiff appointment never opened because of Plaintiffs' own failure to adhere to the PSLRA's clear procedural requirements.

11

**B.    In Light Of Plaintiffs' Noncompliance With The PSLRA's Certification And Notice Requirements, This Case Cannot Proceed As A Class Action And The Lead Plaintiff And Lead Counsel Motion Must Be Denied**

Absent compliance with the PSLRA's strictly applied procedural requirements, as a matter of law, this case cannot proceed as a class action. Thus, the Complaint's class allegations should be stricken and the Lead Plaintiff and Lead Counsel Motion should be denied.

**1.    All Class Allegations In The Complaint Should Be Stricken**

Courts have repeatedly held that a securities class action cannot proceed when plaintiffs fail to comply with the PSLRA's certification and notice requirements. For example, in Brody v. Homestore, Inc., a purported class action under the Securities Act of 1933, the defendants moved to strike the complaint's class allegations because plaintiff had not complied with the PSLRA's certification and notice requirements. 2003 WL 22127108, at *1, *2-3 (C.D. Cal. Aug. 8, 2003). The court granted the defendant's motion and struck the class allegations, reasoning that "Plaintiff has not complied with [the PSLRA's certification and notice] requirements, and therefore may not maintain this action as a class action." Id. at *3. See also, e.g., In re Microstrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 432 (E.D. Va. 2000) ("a [securities class action] complaint is not complete unless the named plaintiff includes a sworn certification"); Greebel, 939 F. Supp. at 60 ("Failure of the named plaintiff to file a certification with the complaint and to serve notice to class members are fatal to maintenance of the putative class action.").

Similarly, in Read v. Input/Output, Inc., the United States District Court for the Southern District of Texas struck the complaint's class allegations for failure to comply with the PSLRA's procedural requirements, holding that, in light of the plaintiffs' failures, "it is inappropriate to maintain this lawsuit as a class action." 2005 WL 2086179, at *2-3 (S.D. Tex. Aug. 26, 2005).

The Court emphasized the importance of the PSLRA's lead plaintiff requirements, explaining that "'[b]ecause absent class members are conclusively bound by the judgment in any class action brought on their behalf, the court must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times.'" Id. at *2 (quoting Berger v. Compaq Computer Corp., 257 F.3d 475, 480 (5th Cir. 2001)).

As a matter of law, Plaintiffs' failure to comply with the PSLRA's certification and notice requirements precludes Plaintiffs from proceeding with this purported class action. Thus, the Complaint's class allegations should be stricken.

## 2.    The Lead Plaintiff and Lead Counsel Motion Should be Denied

### a.    The Lead Plaintiff and Lead Counsel Motion Is Procedurally Defective

In light of Plaintiffs' failure to comply with the PSLRA's procedural requirements, their motion for appointment as lead plaintiffs should be denied.[7]  Courts routinely deny lead plaintiff appointment where the proposed lead plaintiff fails to comply with the requirements and time limits set forth in Section 21D(a).  See King, 36 F. Supp. 2d at 189-90 (denying lead plaintiff appointment for failure to publish effective, timely notice to class members); In re NYSE Specialists Sec. Litig., 240 F.R.D. 128, 141-43 (S.D.N.Y 2007) (denying lead plaintiff motion that was untimely under Section 21D(a)); In re XM Satellite Radio Holdings Sec. Litig., 237 F.R.D. 13, 19 (D.D.C. 2006) (denying shareholder group's lead plaintiff motion and reasoning that "[t]his [proposed lead plaintiff] also runs afoul of the strict deadlines imposed by the PSLRA").

---

[7] For avoidance of any doubt, defendants have standing to oppose motions for lead plaintiff appointment. King, 36 F. Supp. 2d at 190 ("nothing in the text of the [PSLRA] precludes or limits the right of defendants to be heard on this issue"); accord Yates v. Open Joint Stock Co. "Vimpel-Commc'ns," 2005 WL 1018428, *2 (S.D.N.Y. Apr. 29, 2005) ("defendants do have standing to be heard during the appointment process").

13

Here, as discussed in Points A.1-2., <u>supra</u>, Plaintiffs did not file the required certification with the Complaint and failed to publish the required notice to class members.  Although Plaintiffs claim that they complied with the PSLRA's notice requirements (<u>see</u> Lead Plaintiff and Lead Counsel Motion at 7-8), their purported attempts at notice are plainly insufficient even assuming *arguendo* those attempts happened at all.  <u>See</u> Point A.2., <u>supra</u>.  Aside from Plaintiffs' failure to actually publish notice, the press releases attached to the Parker Declaration do not satisfy Section 21D(a)(3)(A)'s requirements with respect to the content of notices to class members.  <u>See</u> Point A.2., <u>supra</u>.

Plaintiffs' motion for appointment as lead plaintiffs is procedurally defective for failure to comply with Section 21D's certification and notice requirements.  As a result, the Lead Plaintiff and Lead Counsel Motion must be denied.  <u>See</u> <u>King</u>, 36 F. Supp. 2d at 189-90.

> b.    Plaintiffs' Counsel Cannot Adequately Represent the Purported Class

Proposed lead plaintiffs must demonstrate that the typicality and adequacy prongs of Rule 23(a) have been met, <u>see</u> <u>Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.</u>, 229 F.R.D. 395, 412 (S.D.N.Y. 2004), including, <u>inter</u> <u>alia</u>, showing that their selected counsel is qualified, experienced, and generally able to conduct the litigation.  <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 291 (2d Cir. 1992).  It is abundantly clear that Plaintiffs cannot make even a facial showing of adequate representation here because, despite their counsel's own claim to have "extensive experience in the area of securities litigation," Lead Plaintiff and Lead Counsel Motion at 12, Plaintiffs' counsel has run afoul of the PSLRA by failing to comply with the statute's most basic, and well-known, procedural requirements.  As a result, proposed lead plaintiffs' selected counsel cannot adequately represent the purported class.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Strike should be granted and Plaintiffs'

Lead Plaintiff and Lead Counsel Motion should be denied.  Furthermore, Defendants respectfully

request that the Court order that the time to answer or otherwise respond to the Complaint in its

current (fatally flawed) form is stayed until such time as the Court has ruled on the pending

motions and for some reasonable period thereafter to provide Defendants sufficient opportunity

to answer or otherwise respond to the Complaint, if necessary.

Dated: New York, New York
      January 8, 2010

                               Respectfully submitted,

                               <u>/s/ Jonathan D. Polkes</u>
                               Jonathan D. Polkes
                               Mark B. Rosen
                               WEIL, GOTSHAL & MANGES LLP
                               767 Fifth Avenue
                               New York, New York 10153
                               Tel: (212) 310-8000
                               Fax: (212) 310-8007

                               William A. Burck
                               WEIL, GOTSHAL & MANGES LLP
                               1300 Eye Street, NW, Suite 900
                               Washington, DC 20005
                               Tel: (202) 682-7000
                               Fax: (202) 857-0940

                               *Attorneys for Lehman Brothers Real Estate*
                               *Associates III, L.P., Lehman Brothers Private*
                               *Equity Advisors, LLC, and Real Estate Private*
                               *Equity, Inc.*

                               **PAUL, WEISS, RIFKIND, WHARTON &**
                               **GARRISON LLP**

                               By: <u>/s/ Richard A. Rosen</u>
                                   Richard A. Rosen
                               1285 Avenue of the Americas
                               New York, NY 10019-6064

Tel: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Defendants Mark A. Walsh, Mark H. Newman, and Brett Bossung*

**ALLEN & OVERY LLP**

By: /s/ Patricia M. Hynes
    Patricia M. Hynes
    Todd S. Fishman
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

*Attorneys for Defendant Richard S. Fuld, Jr.*

**SIMPSON, THACHER & BARTLETT LLP**

By: /s/ Michael J. Chepiga
    Michael J. Chepiga
    Mary Elizabeth McGarry
    Erika H. Burk
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Attorneys for Defendants Michael J. Odrich, Christopher M. O'Meara, Joseph M. Gregory, and Thomas Russo*

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Kelly M. Hnatt
    Kelly M. Hnatt
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111

*Attorneys for Defendant Ian Lowitt*

**PROSKAUER ROSE LLP**

16

By: /s/ Robert J. Cleary
    Robert J. Cleary
    Dietrich L. Snell
    Mark E. Davidson
    Seth D. Fier
1585 Broadway
New York, New York 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Defendant Erin Callan*